UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CHAD W. NORMAN
ADC# 166746                                                                                      PLAINTIFF

V.                                    4:17CV00728 SWW/JTR

DANNY BRIGHTWELL,
President, First Community Bank –
Cabot, *et al*.                                                                                  DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Susan Webber Wright. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I.  Introduction

Plaintiff Chad W. Norman ("Norman") is an inmate at the Grimes Unit of the Arkansas Department of Correction. He filed this *pro se* § 1983 action alleging that Defendants First Community Bank President Danny Brightwell ("Brightwell") and Mike Lee  ("Lee") violated his rights.

Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that Norman's claims be dismissed, without prejudice, for failure to state a claim on which relief may be granted.[1]

## II. Discussion

Norman sued Brightwell and Lee in connection with Norman's attempted purchase of a home. *Doc. 2*. Lee, the seller, allegedly breached his contract with Norman. *Id*., at 4-5. Brightwell, Norman's banker, purportedly failed to secure Norman's mortgage in a timely manner. *Id*., at 5. Norman alleges that despite investing $85,000 in the property, he ultimately lost possession of the house. *Id*. He seeks damages. *Id*., at 6.

Norman brought this case under 42 U.S.C. § 1983. To be subject to a claim under § 1983, a defendant must have acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Both Brightwell and Lee are private actors. "To be liable under § 1983, a private actor must be a 'willful participant in joint activity with the State' in denying plaintiff's constitutional rights." *Magee v. Trustees of Hamline*

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

*University, Minn*., 747 F.3d 532, 536 (8th Cir. 2014) (quoting *Dossett v. First Bank*, 399 F.3d 940, 947 (8th Cir. 2005)). Norman's complaint must have alleged, at the very least, "'that there was a mutual understanding, or a meeting of the minds, between the private party and state actor.'" *Pendleton v. St. Louis County*, 178 F.3d 1007, 1011 (8th Cir. 1999) (internal citation omitted). Norman, however, pled no facts indicating that either Brightwell or Lee was a willful participant in joint activity with state actors. Accordingly, neither Brightwell nor Lee are subject to suit under § 1983 and Norman's complaint should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Norman's complaint be DISMISSED, WITHOUT PREJUDICE, for failure to state a claim on which relief may be granted.

2. Dismissal constitute a "strike" pursuant to 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

Dated this 25th day of January, 2018.

_____
UNITED STATES MAGISTRATE JUDGE